UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LOUIS J. BRANDOW, SR.

        Plaintiff,

        v.                          **REPORT AND RECOMMENDATION**
                                          **1:05-CV-0917 (NPM)**

MICHAEL J. ASTRUE[1]
COMMISSIONER OF SOCIAL SECURITY,

        Defendant,

## I.   Introduction

Plaintiff Louis J. Brandow, Sr. brings this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB").[2] Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") denying his applications for benefits was not supported by substantial evidence and was contrary to the applicable legal standards. The Commissioner argues that the decision was supported by substantial evidence and made in accordance with the correct legal standards.

For the reasons set forth below, the Court finds the Commissioner's decision is not supported by substantial evidence and not determined in accordance with the applicable law. Therefore, the Court recommends that the Plaintiff's motion for judgment on the pleadings be granted in part and Defendant's cross-motion for judgment on the

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue is substituted as the Defendant in this suit.
[2] This case was referred to the undersigned for Report and Recommendation, by the Honorable Norman A. Mordue, pursuant 28 U.S.C. § 636(b)(1)(B), by an Order dated July 1, 2009.

pleadings be denied.[3]

## II.   Background

On July 31, 2003, Plaintiff, then 30 years old, filed an application for DIB, claiming a closed period of disability from July 4, 2002 through August 25, 2003, because of a left shoulder impairment (R. at 34, 100-02).[4] His application was denied initially on September 25, 2003 (R. at 69, 81-84). On November 10, 2003, Plaintiff filed a timely request for a hearing (R. at 77).

On September 24, 2004, Plaintiff and his attorney appeared before the ALJ (R. at 22-68). The ALJ considered the case *de novo* and, on December 16, 2004, issued a decision finding Plaintiff was not disabled (R. at 11-21). The ALJ's decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review on May 21, 2005 (R. at 3-5). On July 21, 2005, Plaintiff filed this action disputing his disability determination.

Based on the entire record, the Court recommends remand because the ALJ did not properly develop the record.

## III.   Discussion

### A.  Legal Standard and Scope of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383 (c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the

---

[3] Although no motion for judgment on the pleadings was filed, the moving party was excused from such filing under General Order No. 18, which states in part: "The Magistrate Judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings . . . ." General Order No. 18. (N.D.N.Y. Sept. 12, 2003).
[4] Citations to the underlying administrative record are designated as "R."

Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner],

even if it might justifiably have reached a different result upon a *de novo* review."
Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

The Commissioner has established a five-step sequential evaluation process[5] to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. § 404.1520.

### B. Analysis

#### 1. The Commissioner's Decision

The ALJ followed the sequential analysis and concluded that Plaintiff was not disabled (R. at 15, 21). At step one, the ALJ concluded that Plaintiff's work as a taxi driver during the relevant period was not substantial gainful activity (R. at 17). At step two, she found Plaintiff's shoulder impairment to be severe (R. at 17). Giving specific consideration to the musculoskeletal listings, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment (R. at 17). Considering Plaintiff's subjective complaints of pain, the ALJ found Plaintiff not fully credible (R. at 18). Plaintiff's treating orthopedic specialist, Dr. Richard L. Uhl, had opined that Plaintiff was totally disabled from work, but the ALJ did not give full weight to these statements (R. at 18-19). At step four, the ALJ found that Plaintiff had the residual

---

[5] First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.
Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. §§ 416.920, 404.1520.

functional capacity ("RFC") to sit, stand or walk six hours in a day and could "lift[] and carry[] twenty pounds occasionally and ten pounds frequently . . . ; with the left upper extremity he is limited to occasional operation of hand and arm controls and to occasional reaching overhead; he is precluded from climbing ladders, scaffolds, or ropes and working at exposed heights; and his left upper extremity can only occasionally be exposed to vibration" (R. at 19). Based upon this RFC and the testimony of vocational expert ("VE") Dr. James M. Ryan, the ALJ found that Plaintiff could not perform his past work as a cook, factory worker, maintenance worker, or taxi driver (R. at 19). However, the ALJ concluded that Plaintiff could perform work as a machine tender or appointments clerk (R. at 19). Therefore, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act, during the period in question (R. at 20).

### 2. Plaintiff's Claims

Plaintiff argues that (a) his letter brief of April 6, 2005 is not in the record which indicates that the Appeals Council did not properly consider it; (b) the ALJ erred in not recontacting Dr. Uhl to clarify his statements that Plaintiff was disabled; and (c) the ALJ's credibility analysis was not supported by substantial evidence because Plaintiff's attempts to work vouched for his credibility.

#### a. Plaintiff's Claim that the Appeals Council did not Consider his Letter Brief of April 6, 2005 is Not a Reviewable Issue

Plaintiff argues that his letter brief date April 6, 2005, which was submitted to the Appeals Council, does not appear in the record, and therefore "it clearly was not considered by the Appeals Council." Plaintiff's Brief, p. 4. First, even though Plaintiff's

5

April 6, 2005 letter brief to the Appeals Council is not in the record, Plaintiff has not stated an issue reviewable by this Court under the Social Security Act. 42 U.S.C. § 405(g). Under the Act, the Court is empowered to affirm, modify or reverse a final decision, if that decision is based upon legal error or not supported by substantial evidence. Id.; Berry, 675 F.2d at 467. Plaintiff's claim has not identified any legal error or substantial evidence failure. Moreover, the ALJ's December 16, 2004 decision is the "final decision" reviewable in this case, not whether the Appeals Council copied and considered Plaintiff's April 6, 2005 letter brief. Secondly, Plaintiff's allegation that the Appeals Council did not consider his letter brief is contradicted by the record. When the Appeals Council denied Plaintiff's request for review on May 21, 2005, it stated: "In looking at your case, we considered the reasons you disagree with the decision as presented in your representative's brief dated April 6, 2005" (R. at 3).

### b. The ALJ Failed to Fully Develop the Record

Plaintiff argues that the ALJ "should have obtained clarification" from Dr. Uhl to clarify what the doctor meant when repeatedly noted that Plaintiff was "disabled from work." Plaintiff's Brief, p. 4.

At the outset, the Court notes that conclusions that a claimant is "disabled" or "unable to work" are not medical opinions, but instead "opinions on issues reserved to the Commissioner." 20 C.F.R. § 404.1527(e); see also §§ 404.1527(e)(1)-(2). Therefore, no "special significance" is given to the source of such an opinion. 20 C.F.R. § 404.1527(e)(3). Aside from that observation, when, as here, a treating physician fails to provide adequate information, the ALJ has a duty to fully and fairly develop the record, even when a claimant is represented by counsel. 42 U.S.C. § 423(d)(5)(B); see Perez v.

6

Chater, 77 F.3d 41, 47 (2d Cir. 1996); 20 C.F.R. § 404.1512(d)(1)-(2) (explaining the Commissioner's duty to develop at least twelve months of medical history and to "make every reasonable effort" to help claimants obtain "medical reports" from their doctors).

The record contains Dr. Uhl's treatment notes and notes from two other doctors, but lacks a medical opinion of what Plaintiff can still do, despite his shoulder impairment. See 20 C.F.R. § 404.1513(b) (describing "medical reports" as including "statements about what [a claimant] can still do"). Dr. Uhl's treatment notes merely state that Plaintiff is "unable to work" or "totally disabled," and do not elaborate on Plaintiff's functional capacity during the period in question (R. at 196-200, 204, 209, 216, 219, 221). The absence of Dr. Uhl's functional assessment is underscored by the absence of any other medical opinion on the issue. The record contains notes from two examinations by orthopedic specialist, Stewart Kaufman, M.D. and one examination by independent medical examiner for Workers' Compensation, James W. Nelson M.D. (R. at 135, 137, 150-52). However, Dr. Kaufman offered no opinions of Plaintiff's functional capacity and Dr. Nelson's finding that Plaintiff had a "marked, temporary and partial disability" was no more informative than Dr. Uhl's conclusory statements (R. at 153). When, as here, the evidence received is not adequate to determine whether Plaintiff is disabled, the ALJ must re-contact the medical source for additional information or clarification. 20 C.F.R. § 404.1512(e)(1) (requiring re-contact if the medical report "contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques"). In particular, the ALJ must seek "the treating physicians' assessments of plaintiff's functional capacity." Myers v. Astrue, 2009

WL 2162541 (N.D.N.Y. July 17, 2009); see Peed v. Sullivan, 778 F. Supp. 1241, 1246 (E.D.N.Y. 1991) ("To obtain from a treating physician nothing more than charts and laboratory test results is to undermine the distinctive quality of the treating physician that makes his evidence so much more reliable . . . . It is the *opinion* of the treating physician that is to be sought . . . .").

In this case, the ALJ recognized her duty to re-contact Dr. Uhl and seek his opinion of Plaintiff's functional capacity. On June 2, 2004, the ALJ sent Dr. Uhl a letter and blank medical source statement form, requesting his opinions (R. at 210-14). However, Dr. Uhl did not respond. At Plaintiff's hearing on September 24, 2004, Plaintiff's attorney informed the ALJ that he had also unsuccessfully sought an opinion from Dr. Uhl (R. at 44). The issue was discussed as follows:

> ALJ: Now at my request, my office sent a medical source statement to Dr. Yule [sic] to complete for you so we would have an assessment that might assist you in your case. He did not respond. Refused to respond, and I still do not have that. So unfortunately, I'm not going to be able to do anything with that. That's Exhibit 7F so we'll have to do it another way.
>
> ATTY: I sent him one also, Your Honor, he didn't respond.
>
> ALJ: Pardon?
>
> ATTY: I sent him the form also with no response.
>
> ALJ: Well –
>
> CLMT: I've had a lot of problems with the paperwork and his office.

(R. at 44).

Although the Court cannot conclude that the ALJ failed to re-contact Dr. Uhl where she clearly solicited his opinion (R. at 44, 210-14), the Court nonetheless concludes that the record was not adequately developed. The Court recognizes that the

ALJ may have reasonably concluded that further attempts to re-contact Dr. Uhl would be futile given Plaintiff's statement about the difficulty of obtaining paperwork from his doctor and the unsuccessful attempt of Plaintiff's attorney. See 20 C.F.R. § 404.1512(e)(2) ("We may not seek additional evidence or clarification from a medical source when we know from past experience that the source either cannot or will not provide the necessary findings."); see also 42 U.S.C. § 423(d)(5)(B) (requiring only "every reasonable effort" to obtain all necessary medical evidence from a treating physician). Even if the ALJ believed further requests to Dr. Uhl would be futile, her duty to develop Plaintiff's record was not satisfied in this case. See Perez, 77 F.3d at 47-48 (describing the ALJ's "affirmative obligation" to develop the administrative record even when a Plaintiff is represented by counsel).[6] In particular, when needed information "is not readily available from the records of [the] medical treatment source, or [the ALJ is] unable to seek clarification from [the] medical source, [the ALJ] will ask [the claimant] to attend one or more consultative examinations . . ." 20 C.F.R. § 404.1512(f). In this case, the ALJ did not fill the evidentiary gaps with even a consultative examination. Based on the above, the Court recommends remand so that the ALJ may adequately develop the record. While it would be preferable that the ALJ obtain Dr. Uhl's opinions if she finds

---

[6] **T**he ALJ's affirmative obligation to develop the record required her to at the very least obtain the treating physician's opinion, or in the alternative, order a consultative examination. The Court notes that the scope of the ALJ's obligation to a *pro se* claimant may also require the "issuing and enforcing [of] subpoenas requiring the production of evidence, as authorized by 42 U.S.C. § 405(d), and advising the plaintiff of the importance of the evidence." Jones v. Apfel, 66 F.Supp.2d 518, 524 (S.D.N.Y. 1999) (citing Almonte v. Apfel, 1998 WL 150996, at *7 (S.D.N.Y. Mar. 31, 1998)). While this Court will not require the ALJ to issue a subpoena, the Court notes that the ALJ may, of her own initiative or upon the request of a party, issue a subpoena for Dr. Uhl's report. See 20 C.F.R. § 404.950(d)(1) (describing ALJ's power to issue a subpoena on his or her own initiative or at the request of a party "[w]hen it is reasonably necessary for the full presentation of a case").

him cooperative, she must order a consultative examination if Dr. Uhl's opinions are not available. 20 C.F.R. § 404.1512(f).

Plaintiff has also argued that the Appeals Council should have remanded because the ALJ failed to clarify Dr. Uhl's statements. Plaintiff's Brief, p. 4. Because the Court has already concluded that the ALJ did not adequately develop the record, the Court need not reach Plaintiff's argument with respect to the Appeals Councils' action.

### c.  The ALJ Must Re-Assess Plaintiff's Credibility

Finally, Plaintiff objects to the ALJ's analysis of his credibility, arguing that his efforts to work vouch for his credibility. Plaintiff's Brief, p. 5. The record shows that Plaintiff stopped working as a chef on July 4, 2002 because of his left shoulder injury and, after surgery and extensive physical therapy, eventually returned to work as a cab driver on August 25, 2003 (R. at 24-34).

The ALJ analyzed Plaintiff's credibility using the two step process described in the regulations, and considering the listed factors (R. at 18).[7] The ALJ considered that Plaintiff did not use prescription pain medication, did not require ongoing treatment, but was able to carry out a program of physical therapy and exercise (R. at 18). The ALJ noted that Plaintiff was limited in his abilities to lift and carry, but only on the left side (R. at 18). She further considered that Plaintiff engaged in "a full range" of daily activities (R. at 18). Finally, the ALJ also considered that Plaintiff was able to return to work as a

---

[7] See 20 C.F.R. § 404.1529(a)-(c) (requiring the ALJ first find medically determinable impairments which could reasonably cause the alleged symptoms and second determine the intensity, persistence and limiting effects of those symptoms); 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii) (listing the following factors for assessing credibility: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms).

taxi cab driver by August 25, 2003 (R. at 18). The ALJ found all of this evidence contrary to Plaintiff's allegations of pain so great that it limited him from working (R. at 18). After carefully reviewing the record and decision, the Court concludes, based on the ALJ's findings above, that the ALJ's analysis is supported by substantial evidence. When an ALJ's credibility analysis is based on application of the proper legal standards and supported by substantial evidence, the court must uphold the ALJ's decision and may not substitute its judgment for the Commissioner's. Hogan v. Astrue, 491 F.Supp.2d 347, 352 (W.D.N.Y. 2007) (citing Parker v. Harris, 626 F.2d 225 (2d Cir. 1980)). Therefore, the Court does not recommend remand on this basis. However, the Court notes that because credibility is evaluated in relation to all the evidence of record, the ALJ must re-assess Plaintiff's credibility on remand, in light of the new medical opinions she receives.

### IV.   Conclusion

Based on the foregoing, the Court recommends that the Commissioner's decision denying disability benefits be REMANDED for further proceedings in accordance with this recommendation and pursuant to sentence four of 42 U.S.C. Section 405(g).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED: August 21, 2009

Syracuse, New York

## Orders

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>**. Thomas v. Arn, 474 U.S. 140 (1985); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir.1989); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir.1988).

**SO ORDERED**.

DATED: August 21, 2009

Syracuse, New York

Victor E. Bianchini
United States Magistrate Judge